IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. SARSFIELD,

        Plaintiff,

    v.

SNOW AND ICE MANAGEMENT
COMPANY,

        Defendant.

2:21-CV-00383-CCW

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Snow and Ice Management Company's Motion to Dismiss Plaintiff Michael J. Sarsfield's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 6. For the reasons that follow, Defendant's Motion will be GRANTED in part and DENIED in part.

## I.    Background

In this employment discrimination suit, Plaintiff alleges that Defendant, his previous employer, (i) failed to provide him with reasonable accommodations for his anxiety disorder, depressive disorder and adjustment disorder and (ii) terminated his employment and replaced Plaintiff with a younger and less experienced individual, in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12111 *et seq.*, the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601-54, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954. *See, e.g.*, ECF No. 1-2.

Plaintiff's complaint alleges that he commenced this lawsuit by "filing praecipe for writ of summons in a timely manner" after receiving a notice of dismissal and right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  ECF No. 1-2 at ¶¶ 4-5.  Both parties agree that Plaintiff commenced this action on November 27, 2019 in the Court of Common Pleas of Allegheny County by filing a praecipe to issue a writ of summons.  ECF No. 7 at 1;  ECF No. 9 at 4.

The Allegheny County docket indicates that Plaintiff reissued the praecipe to issue a writ of summons twelve times prior to serving the Defendant.  *See* ECF No. 1-5.  The Allegheny County docket indicates that the Sheriff served the thirteenth writ on Defendant on December 17, 2020. *Id*.  The docket further indicates that Defendant filed a praecipe to file a complaint on January 5, 2021 and Plaintiff filed the Complaint on March 3, 2021.  *Id*.  The case was removed to this Court by Defendant on March 23, 2021.  ECF No. 1.

Defendant moves to dismiss on the grounds that Plaintiff's ADA, ADEA, and FMLA claims are timed barred because the filing of the original writ did not toll each claim's statute of limitations.  ECF No. 6 at 3.  Defendant further alleges that Plaintiff's claims for punitive damages under the ADA, ADEA, and PHRA should be dismissed.  *Id*. at 3-4.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do."

*Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under the notice pleading standard imposed by Federal Rule of Civil Procedure 8, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.,* 809 F.3d 780, 789 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

A defendant may raise statute of limitations as an affirmative defense by a motion under Rule 12(b)(6) only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *See Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

In deciding a "motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). However, a court may also consider a "document integral to or explicitly relied upon in the complaint…without converting the motion to dismiss into one for summary judgment." *Schmidt*, 770 F.3d at 249. Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

## III.   Discussion

### A.   Statute of Limitations

For ADA and ADEA claims, a plaintiff must bring a civil action within 90 days of receiving a notice of dismissal and right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1) (2021); 29 U.S.C. § 626(e) (2021).[1] However, such statutes do "not specify the manner of commencing the 'civil action,'" *Heater v. Kidspeace*, No. 05-4545, 2005 U.S. Dist. LEXIS 22512, at \*5-6 (E.D. Pa. Oct. 5, 2005), and "[f]ederal and state courts have concurrent jurisdiction for claims brought under the ADA and ADEA." *Vail v. Harleysville Group, Inc.*, Civ. A. No. 02-2933, 2003 U.S. Dist. LEXIS 17405, at \*6 (E.D. Pa. Sept. 30, 2003)

Because Plaintiff commenced this action in Court of Common Pleas of Allegheny County, this Court will analyze whether the statute of limitations for Plaintiff's ADA, ADEA, and FMLA

---

[1] An FMLA claim must be brought within two years, unless a plaintiff can establish a willful violation in which case the statute of limitation is three years. *See* 29 U.S.C. § 2617(c). Here, Defendant contends that "Plaintiff was terminated on January 19, 2018," and that the original praecipe for writ filed on November 27, 2019 "did not operate to toll the statute of limitations." ECF No. 7 at 7. Viewing the allegations in the Complaint in the light most favorable to Plaintiff as the non-moving party, we assume for purposes of this motion, but do not decide, that the termination date was the start date for FMLA statute of limitations. As further discussed below, whether the filing of the praecipe on November 27, 2019 (which is within two years from the date of termination) tolled the statute of limitations is not clear on the face of the complaint because the issue of good faith requires further development.

claims was tolled under Pennsylvania law.  *See Heater*, 2005 U.S. Dist. LEXIS 22512, at *6 (noting that Pennsylvania Rule of Civil Procedure 1007 commencing an action in state court "applies to cases removed to federal court.");  *Vail*, 2003 U.S. Dist. LEXIS 17405, at *8 ("Compliance with the Pennsylvania procedural rule satisfies the tolling requirement in cases removed….") (*quoting Perry v. City of Philadelphia*, Civ. A. No. 99-2989, 1999 U.S. Dist. LEXIS 12915, at *4 (E.D. Pa. Aug. 17, 1999));  *Marini v. Woodland Hills Sch. Dist.*, No. 2:06cv53, 2007 U.S. Dist. LEXIS 107145 (W.D. Pa. Feb. 13, 2007) (applying Pennsylvania rules for the praecipe for writ of summons in a civil rights case);  *see also,* Fed. R. Civ. P. 81(c) (stating that the Federal Rules "apply to a civil action *after* it is removed from a state court") (emphasis added).

Under the Pennsylvania Rules of Civil Procedure, "an action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint."  Pa. R. Civ. P. 1007.  The filing of a praecipe for a writ of summons is sufficient to commence a civil action and toll the statute of limitations.  *Heater*, 2005 U.S. Dist. LEXIS 22512, at *5;  *see Vail*, 2003 U.S. Dist. LEXIS 17405, at 7.

Although the writ must be served within thirty days after issuance or filing, it may be "reissued at any time, and any number of times, after the original issuance during a period equal to the applicable statute of limitations, and each reissuance gives rise to another tolling period equal to the statutory limitations time period."  *Heater*, 2005 U.S. Dist. LEXIS 22512, at *6;  Pa. R. Civ. P. 401(a)-(b).

However, plaintiffs may not use these liberal rules to "deliberately delay[] service of the writ to toll the statute of limitations indefinitely by frequently reissuing the writ."  *Heater*, 2005 U.S. Dist. LEXIS 22512, at *6.  To prevent abuse, the Pennsylvania Supreme Court has held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains

5

from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, 366 A.2d. 882, 889 (Pa. 1976). Plaintiffs must make a "good-faith effort to notify a defendant" of the action, via timely service of such writ. *Id.* In determining good faith, the Court undertakes a "flexible approach" and will not find a lack of good faith in the case of an "initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." *McCreesh v. City of Phila.*, 888 A.2d 664, 666 (2005).

Defendant alleges that Plaintiff failed to make a good faith effort to serve Defendant because Plaintiff reissued "twelve writs over the course of a year with no efforts at service." ECF No. 7 at 5. Plaintiff refutes this contention and alleges that Plaintiff has exercised diligence in seeking service on February 3, 2020 and following up on the status of service in April 2020. ECF No. 9 at 4.

Because a statute of limitations defense is an affirmative defense, it must be clear on the face of the complaint to merit dismissal of the Complaint on that basis at the Rule 12(b)(6) stage. The Court may consider the Complaint, exhibits attached to the Complaint, matters of public record, and documents integral to or explicitly relied upon in the Complaint, as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

Plaintiff's Complaint alleges that Plaintiff "received a Right to Sue letter from the EEOC and commenced this suit by filing [a] praecipe for writ of summons in a timely manner." ECF No. 1-2 ¶ 5. Plaintiff's notice of dismissal and right to sue letter is dated September 4, 2019. ECF No. 6-1. Plaintiff is presumed to have received the letter three days after it was issued by the EEOC, *see Heater, 2005 U.S. Dist. LEXIS 22512 at *4*, and thus had 90 days from September 7, 2019 to

commence an action, which would be December 6, 2019.[2]  The Court may consider the notice of

dismissal and right to sue letter because Plaintiff explicitly relies on it in the Complaint, *see* ECF

No. 1-2 at ¶¶ 4-5, and because its authenticity is not disputed and Defendant attached it as an

exhibit to its motion to dismiss.

The initial praecipe was issued on November 27, 2019, within the statute of limitations,

and operated to toll the statute of limitations.  ECF No. 1-3 at 1-4.  The writ was then reissued on

January 10, 2020 (which is within the period equal to the applicable statute of limitations following

the issuance of the original writ).  *Id.* at 5-7.  Plaintiff then reissued the writ each month, *see id.* at

7-40, until the Defendant was served on December 17, 2020.  *See* ECF 1-5 at 2.  The Court may

consider the issuance of the praecipes for writ of summons both (i) as matters of public record as

they are available online at the Allegheny Court Department of Court Records and (ii) as

undisputedly authentic documents attached to Defendant's Motion, because the alleged timeliness

of Plaintiff's claims in the Complaint, *see* ECF No. 1-2 at ¶ 5, is based on any potential tolling

effects the filing of such praecipes may have.

The repeated issuance of the writ, when viewed in the light most favorable to the Plaintiff,

is not itself indicative of bad faith or an intent "to stall in its tracks the legal machinery."  *See*

*Lamp*, 469 at 478.  More specifically, some Courts have excused delays in service as a result of

the COVID-19 pandemic.  Although on May 27, 2020, the Pennsylvania Supreme Court declared

that the Statewide Judicial Emergency with respect to COVID-19 would cease to be effective on

June 1, 2020, *see In re Gen. Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020), Courts have

---

[2] "When the actual date of receipt is known, that date controls.  However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it."  *Seitzinger v. Reading Hospital & Medical Center*, 165 F.3d 236, 239 (3d Cir. 1999);  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, n. 1 (1984);  *see* Fed. R. Civ. P. 6(d).  Here, Plaintiff alleges that he "received a Right to Sue letter from the EEOC and commenced this suit … in a timely manner," so the Court will apply the presumption for the purposes of this motion.  ECF No. 1-2 ¶ 5.

found certain inactions or assumptions by Plaintiffs during 2020, and even in early 2021, to have "some merit." *See Taggart v. New Century Fin. Servs.,* No. 20-4261, 2021 U.S. Dist. LEXIS 84011, at *2, 5-6 (E.D. Pa. May 3, 2021) (noting that although the delay in providing proof of service in February 2021 due to COVID-19 "had some merit," the same delay seven weeks later "renders such neglect inexcusable"); *see also*, *Pasquariello v. Manwiller*, 2021 Pa. Dist. & Cnty. Dec. LEXIS 224, at *5-6 (C.P. Northampton County, Jan. 11, 2021) (finding that it was "reasonable to conclude that any delay in Plaintiffs' attempts to effectuate service seemingly occurred due to complications arising from the global pandemic" where Plaintiff had filed a writ in January 2020, reissued the writ in April 2020, and the parties were ultimately served in June and August 2020).

Here, Plaintiff issued the praecipe for a writ of summons on November 27, 2019, and then reissued the writ approximately every month thereafter[3] until service was accomplished by sheriff on December 17, 2020.  Whether Plaintiff made a good faith effort to serve defendant during the time in which the praecipes were consistently reissued, particularly in the context of the global COVID-19 pandemic, requires further factual development.  Because the issue of good faith requires further development, Defendant's statute of limitations defense is not clear on the face of the complaint, as required by *Robinson v. Johnson*, 313 F.3d 128 (3d Cir. 2002), and therefore Defendant's motion to dismiss Plaintiff's ADA, ADEA, and FMLA claims on the basis of the statute of limitations will be denied.

---

[3] Plaintiff reissued the praecipes for a writ of summons on January 10, 2020, February 3, 2020, March 4, 2020, April 2, 2020, May 4, 2020, June 3, 2020, July 9, 2020. August 14, 2020, September 8, 2020, October 8, 2020, November 9, 2020, and December 9, 2020.  *See* ECF No. 6-3.

B.      **Punitive Damages**

Defendant contends that punitive damages are unavailable under the ADA, ADEA, and PHRA and any such claims should be dismissed.  ECF No. 7 at 7-8.  Plaintiff does not respond on the merits, but rather contends that Defendant should not be allowed to raise such arguments at this time because the parties did not discuss punitive damages in their meet and confer prior to Defendant's filing of the motion to dismiss.  ECF No. 9 at 5.  Plaintiff alleges that if Defendant had raised the issue of punitive damages during the meet and confer, Plaintiff "could have addressed these issues in the form of an amended pleading."  *Id.* at 3.

It is well-established that punitive damages are unavailable under the PHRA.  *See Gagliardo v. Connaught Labs.*, 311 F.3d 565, 570 n.3 (3d Cir. 2002);  *Hoy v. Angelone*, 554 Pa. 134, 146 (Pa. 1998) (same);  *Weaver v. Cnty. of McKean*, No. 11-254, 2012 U.S. Dist. LEXIS 61920, 2012 WL 1564661, at *6 (W.D. Pa. Apr. 9, 2012) (accepting uncontested claim that punitive damages not allowed by PHRA and dismissing such claims).  As such, Defendant's Motion will be granted as to Plaintiff's request for punitive damages under the PHRA.   Because punitive damages are not available under the PHRA, amendment of the Complaint on this issue would be futile, and leave to amend will not be granted.

Additionally, district courts in the Third Circuit have found that punitive damages are not awardable under the ADEA.  *Kelly v. United States Steel Corp.*, No. 2:11-cv-00193, 2011 U.S. Dist. LEXIS 91123 at *8-9 (W.D. Pa. Aug. 16, 2011) (collecting cases and noting that all the Courts of Appeal having analyzed this issue "have denied claims for punitive damages in ADEA cases");  *see also, Rogers v. Exxon Research and 16 Engineering Co.*, 550 F.2d 834, 842 (3d Cir. 1977), *overruled on other grounds by Holliday v. 17 Ketchum, MacLeod & Grov*e, *Inc.*, 584 F.2d 1221 (3d Cir. 1978) (en banc);  *see also*, Third Circuit Model Jury Instruction for Claims Under

the Age Discrimination in Employment Act (Aug. 2020) § 8.4.3.  Therefore, the Court will grant Defendant's Motion as to Plaintiff's request for punitive damages under the ADEA.  Because punitive damages are not available under the ADEA, amendment of the Complaint on this issue would be futile, and leave to amend will not be granted.

Under the ADA, punitive damages are available when "the complaining party demonstrates that the respondent engaged in a discriminatory practice . . . with malice or with reckless indifference."[4]  *Gagliardo v. Connaught Labs.*, 311 F.3d 565, 573 (3d Cir. 2002) (citing 42 U.S.C. § 1981a(b)(1) (2000));  *see also*, Third Circuit Model Jury Instruction for Employment Claims Under the Americans with Disabilities Act (Aug. 2020) § 9.4.2.  Here, the Complaint alleges that Defendant intentionally discriminated against Plaintiff when Plaintiff requested to work from home until his symptoms of anxiety disorder, depressive disorder and adjustment disorder abated. ECF No. 1-2 at ¶¶ 9-11.  The Complaint further alleges that Defendant refused such a request despite the fact that a majority of Defendant's Sales and Operations Managers worked exclusively from their homes at that time and terminated Plaintiff approximately one month after his request and replaced Plaintiff with a younger and less experienced person.  ECF No. 1-2 at ¶¶ 12-14. Because these allegations could lead to discovery of evidence supporting a finding that Defendant acted maliciously or with reckless indifference, the Court will not dismiss Plaintiff's claims for punitive damages under the ADA at this early stage of litigation.

---

[4] Defendant's citation to *Sabrese v. Lowe's Home Ctrs. Inc.*, 320 F.Supp.2d 311, 331 (W.D. Pa. 2004) for the idea that punitive damages are not available under the ADA is not applicable because that case was about punitive damages for a retaliation claim as opposed to a discrimination claim.  The Third Circuit has not yet addressed whether punitive damages are available for a retaliation claim under the ADA, but district courts within the Third Circuit "have uniformly held that the anti-retaliation provisions of the ADA do not authorize the award of … punitive damages." *Engle v. Physician Landing Zone*, No. 2:14-cv-1192, 2017 U.S. Dist. LEXIS 183061 at *5 (W.D. Pa. Nov. 6, 2017) (collecting cases).

**IV.     Conclusion**

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED in part and DENIED in part.  Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's request for punitive damages under the ADEA and the PHRA.  Defendant's Motion to Dismiss is DENIED with respect to Plaintiff's ADA, ADEA, and FMLA claims based on the statute of limitations and Plaintiff's request for punitive damages under the ADA.

IT IS FURTHER ORDERED that Defendant shall file an answer to the Complaint on or before October 21, 2021.

DATED this 7th day of October, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

11